**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**JONI M. JONES**
**On Behalf of Herself**
**and All Others Similarly Situated,**

**Plaintiff,**

**Hon.**
**Case No.**
**PROPOSED CLASS ACTION**

**v.**

**STENGER & STENGER, P.C. and**
**CVI LOAN GT TRUST I**

**Defendants.**

---

LAW OFFICES OF BRIAN P. PARKER, PC
Brian P. Parker (P48617)
Attorney Co-Counsel for Plaintiff
2000 Town Center, #1900
Southfield MI 48075
Tel: (248) 642-6268
Fax: (248) 659-1733
brianparker@collectionstopper.com
www.collectionstopper.com

/

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, **JONI M. JONES ("Jones" or "Plaintiff")** by and through counsel, The Law Offices of Brian Parker, PC, and bring this action against the above listed Defendants, **STENGER & STENGER, P.C. ("Stenger" or "Defendant") and CVI LOAN GT TRUST I ("CVI" or "Defendants")** on the grounds set forth herein:

## I. PRELIMINARY STATEMENT OUTLINING DEFENDANTS' "AFFIDAVIT ROBO SIGNING" COLLECTION PLAN AND SCHEME

1.

Plaintiff brings this action for damages and injunctive relief based upon the Defendants' violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* and The Regulation of Collection Practices Act (RCPA), codified at MCL 445.251 et seq.

2.

In a State-wide scheme to deceive Michigan residents into paying a debt and Michigan Courts into granting Default Judgments, members of the class are being sued by Defendants in Michigan State Courts with collection lawsuits supported by Affidavits that have been signed by "robo signed" notaries in violation of § 1692e, § 1692e (10), § 1692e (2)(A), § 1692e (5) and § 1692f.

## II. PARTIES

3.

Defendant CVI LOAN GT TRUST I is a foreign corporation/statutory trust that purchases and collects large portfolios of defaulted consumer receivables under 15 U.S.C. 1692a (6) and 15 U.S.C. 1692a(6)(f)(iii) and seeks to collect the debts through collection law firms such as Defendant Stenger.

4.

Defendant Stenger & Stenger, P.C. is a Michigan Corporation in Grand Rapids Michigan and debt collector law firm filing lawsuits on behalf of Defendant CVI LOAN GT TRUST I under 15 U.S.C. 1692a (6) and 15 U.S.C. 1692a(6)(f)(iii) in the 83 counties throughout the State of Michigan.

5.

Plaintiff Joni M. Jones is a resident of South Lyon, Oakland County, State of Michigan and considered a consumer under the FDCPA and RCPA

**III. JURISDICTION AND VENUE**

6.

This court has jurisdiction over this Complaint pursuant to the FDCPA, 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1367. Plaintiff is being collected upon and sued in South Lyon and Novi in Oakland County, State of Michigan. Venue in this judicial district is proper because the pertinent events took place here.

**IV. STATUTORY STRUCTURE**

**FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**

7.

The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse. 15 U.S.C. § 1692.

8.

Plaintiffs are consumers. Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. §1692a (3).

9.

Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a (5).

11.

Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection

of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a (6). Defendants are debt collectors collecting on debt that is in default when received or purchased.

12.

The Defendants regularly attempt to collect consumer debts alleged to be due another and are debt collectors as provided in 15 U.S.C. 1692a (6) and 15 U.S.C. 1692a(6)(f)(iii) as the bank and credit card debts Defendants purchase are in default when obtained by them. *Bridge v. Ocwen Federal Bank, FSB*, 681 F. 3d 355 - Court of Appeals, 6th Circuit 2012.

13.

The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. Whether a debt collector's actions are false, deceptive, or misleading under § 1692(a)-g is based on whether the "least sophisticated consumer" would be misled by a defendant's actions. *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006).). This standard ensures "that the FDCPA protects all consumers, the gullible as well as the shrewd." *Kistner v. Law Offices of Michael P. Margelefsky, LLC.*, 518 F.3d 433, 438 (6th Cir).

14.

Whether a debt collector's actions are false, deceptive, or misleading under §1692e is based on whether the "least sophisticated consumer" would be misled by defendant's actions. *Wallace v. Washington Mutual Bank*, 683 F.3d. 323, 327 (6th Cir. 2012), *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir.2006).

15.

Section 1692e provides: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of

false, deceptive, and misleading collection practices and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e (1) -(16). Among the *per se* violations prohibited by that section are using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e (10).

## V. REGULATION OF MICHIGAN COLLECTION PRACTICES ACT (RCPA)

16.

The Michigan Consumer Protection Act (RCPA), MCL 445.251 et seq. is an act to regulate the collection practices of certain persons; to provide for the powers and duties of certain state agencies; and to provide penalties and civil fines.

17.

"Claim" or "debt" means an obligation or alleged obligation for the payment of money or thing of value arising out of an expressed or implied agreement or contract for a purchase made primarily for personal, family, or household purposes.

18.

"Collection agency" means a person directly or indirectly engaged in soliciting a claim for collection or collecting or attempting to collect a claim owed or due or asserted to be owed or due another, or repossessing or attempting to repossess a thing of value owed or due or asserted to be owed or due another person, arising out of an expressed or implied agreement. Collection agency includes a person representing himself or herself as a collection or repossession agency or a person performing the activities of a collection agency, on behalf of another, which activities are regulated by Act No. 299 of the Public Acts of 1980, as amended, being sections 339.101 to 339.2601 of the Michigan Compiled Laws. Collection agency includes a person who furnishes or

attempts to furnish a form or a written demand service represented to be a collection or repossession technique, device, or system to be used to collect or repossess claims, if the form contains the name of a person other than the creditor in a manner indicating that a request or demand for payment is being made by a person other than the creditor even though the form directs the debtor to make payment directly to the creditor rather than to the other person whose name appears on the form. Collection agency includes a person who uses a fictitious name or the name of another in the collection or repossession of claims to convey to the debtor that a third person is collecting or repossessing or has been employed to collect or repossess the claim.

19.

Defendants are regulated agencies under the RCPA. See *Misleh* v *Timothy E. Baxter & Associates*, 786 F Supp. 2d 1330(E.D. Mich 2011; *Newman v. Trott & Trott, PC*, 889 F. Supp. 2d 948 - Dist. Court, ED Michigan 2012; *Baker v. Residential Funding Co.,* LLC, 886 F. Supp. 2d 591 - Dist. Court, ED Michigan 2012.

20.

"Communicate" means the conveying of information regarding a debt directly or indirectly to a person through any medium.

21.

"Consumer" or "debtor" means a natural person obligated or allegedly obligated to pay a debt.

22.

"Creditor" or "principal" means a person who offers or extends credit creating a debt or a person to whom a debt is owed or due or asserted to be owed or due. Creditor or principal does not include a person who receives an assignment or transfer or a debt solely for the purpose of facilitating collection of the debt for the assignor or transferor. In those instances, the assignor or

transferor of the debt shall continue to be considered the creditor or the principal for purposes of this act.

23.

"Person" means an individual, sole proprietorship, partnership, association, or corporation. Defendants are regulated persons under § 445.251(g)(xi),

24.

The RCPA mirrors the requirements and remedies of the FDCPA with the same 6th Circuit use of the "least sophisticated consumer" standard. *McKeown v. Mary Jane M. Elliott P.C.*, No. 07–12016–BC, 2007 WL 4326825, at *5 (E.D.Mich. Dec. 10, 2007) (citing *Hubbard v. Nat'l Bond and Collection Assocs., Inc.,* 126 B.R. 422, 426 (D.Del.1991)) held that "§ 445.252(e) applies to Defendant, its analysis is similar to that under § 1692e of the FDCPA, both of which bar misleading and deceptive communications… In light of the similarity between 15 U.S.C. § 1692e 15 U.S.C. § 1692g and these causes of action, it appears appropriate to view Plaintiff's claims under the same "least sophisticated consumer" standard.

## VI. FACTUAL ALLEGATIONS

25.

Defendant Stenger is suing Michigan residents on behalf of Defendant CVI using false Affidavits with signatures and robo signed notaries.

26.

In suing Plaintiff Jones in the 52-1st Division District Court in Novi, Michigan for a CitiFinancial debt, Defendants support their lawsuit with a notarized Affidavit of Indebtedness and Ownership of Account (Exhibit A of the Complaint in District Court) that claims to be written by a Custodian of Records from Defendant CV I. **Please see Exhibit 1**. The Custodian is named Tia Devall who is an employee of Resurgent Capital Services, LLC. Please see **Exhibit 2** which is the

Linked In posting showing Ms. Devall is a Paralegal at Resurgent.

27.

In **Exhibit 1**, Ms. Devall's signature as on an Affidavits saying Ms. Jones owes the debt to Defendant CVI is notarized by an Amy Wood from South Carolina. See **Exhibit 1** and below:

I affirm under penalty of perjury that the above facts are true and correct to the best of my knowledge based on the Plaintiff's business records.

Tia Devall
March 9, 2016

The foregoing affidavit was signed to and subscribed before me this Wednesday, March 09, 2016.

(Notary Public)
RS154908

569043316

AMY WOOD NOTARY PUBLIC SOUTH CAROLINA

**Please see Exhibit 1**.

28.

Ms. Wood's Notary Seal reveals she is signing the Affidavit at **Exhibit 1** in South Carolina. The notary application of Ms. Amy Wood reveals that her signature on file with the State of Carolina Notary Department is completely different from the signature in the Affidavit in the Jones lawsuit at **Exhibit 1**. For the real signature of Amy Wood, please see her Notary Application from South Carolina at **Exhibit 3** and below:

Telephone # 81 E-mail awood1@resurgent.com

Languages other than English in which fluent

OATH OF NOTARY PUBLIC

I do solemnly swear (or affirm) that I am duly qualified, according to the Constitution of South Carolina, to exercise the duties of the office to which I have been appointed and that I will, to the best of my ability, discharge the duties thereof and preserve, protect and defend the Constitution of this State, and of the United States. So help me God.

Amy Wood
Signature of applicant

Date 6/21/13

*Please sign here exactly as you will sign when you notarize documents.

Sworn to and subscribed before me
This 21st day of June, 2013

Tobie G
Notary Public of South Carolina

My Commission Expires

Tobie Griffin
Notary Public
State of South Carolina
My Comm. Exp. 08-28-2018

**Please see Exhibit 3**.

29.

The email address at the time Ms. Wood signed her Notary Application reveals she was working for Resurgent Capital Services in June 21, 2013. This is confirmed from Ms. Wood's Linken In posting that reveals she worked at Resurgent form May 2013 until August 2014. **Please see Exhibit 4**. The Linked In posting created by Ms. Wood at **Exhibit 4** details that at the time the Affidavit at **Exhibit 1** was signed on March 9, 2016, Ms. Wood was working as a paralegal at the Perkins Law Firm, LLC.

30.

A search of other Affidavits used in the State of Michigan by Defendants shows that again on March 9, 2016 a CVI Affidavit was notarized by Tia Devall that Amy Wood was the affiant and Custodian of Records in another debt case of an account also previously owned by CitiFinancial. This case is in the 18th District Court. At **Exhibit 5** is another of Affidavit (again Exhibit A in the Stenger Complaint) of Indebtedness and Ownership of Account with another different signature of "Amy Wood" that is unlike her signature as a notary with the State of Carolina. See below:

I affirm under penalty of perjury that the above facts are true and correct to the best of my knowledge based on the Plaintiff's business records.

Amy Wood
March 9, 2016

The foregoing affidavit was signed to and subscribed before me this Wednesday, March 09, 2016.

(Notary Public)
RS154305

568804594

TIA DEVALL
My Commission Expires
NOTARY PUBLIC
STATE OF SOUTH CAROLINA

**<u>Please see Exhibit 5</u>.**

31.

By further comparison, attached at **<u>Exhibit 6</u>** is an example of Ms. Wood signing her name to another Affidavit of Indebtedness and Ownership of Account that does appear authentic:

I affirm under penalty of perjury that the above facts are true and correct.

Amy Wood
June 19, 2013

The foregoing affidavit was signed to and subscribed before me this Wednesday, June 19, 2013.

(Notary Public)

**Stacey Ladson**
Notary Public
State of South Carolina
My Comm. Exp. 05-15-2023

32.

The fraudulent acts of Defendants and use of Amy Wood's name and notary stamp is part of a uniform deceptive and misleading plan and scheme by Defendants to use false ownership

affidavits in Michigan Courts to support collections lawsuits and subsequent Default Judgments.

33.

Time is money and a Default Judgment is the ultimate goal of Defendants. They file hundreds of thousands of these collection lawsuits in the State of Michigan. The use of robo-signers eliminates the cost of verifying that Defendants own the debt in the Affidavit of Indebtedness and Ownership of Account and proof of ownership that takes the place of the necessary proof and real evidence the debt is owed to Defendants by class members. The fraud saves time and makes money.

34.

In violation of the FDCPA and RCPA, the Defendants' collection lawsuits are being filed with Affidavits that are notarized by a Robo Signor bearing no resemblance to the signature of Amy Wood who does not work for the Defendants at the time her signature is used.

35.

In violation of the FDCPA and RCPA, hundreds, if not thousands of Default Judgments are being taken against Michigan consumers using these Affidavits of Indebtedness and Ownership of Accounts" that are notarized or signed by someone claiming to be Ms. Amy Wood on behalf of Defendants.

36.

The Defendants' Affidavit of Custodian of Records and false signatures are crafted to deceive the class members and Courts in the State of Michigan into believing CVI has the right to sue and collect upon debts either in trials or to support Default Judgments in violation of § 1692e, § 1692e (10), § 1692e (2)(A), § 1692e (5) and § 1692f.

## VII. CLASS ACTION ALLEGATIONS

37.

Plaintiff realleges the above pleadings.

38.

Plaintiff brings this lawsuit as a class action. Plaintiff tentatively defines two classes including all persons in the State of Michigan who, during the one year (FDCPA) and six years (RCPA) prior to the filing of this complaint were the victims of "Affidavits" supporting collection lawsuits by Defendants in violation of Federal and State law.

39.

The FDCPA Class consists of all persons with a Michigan address that are subject to the Defendants' collection lawsuits in violation of § 1692e, § 1692e (10), § 1692e (5), § 1692e (2)(A) and § 1692f.

40.

The RCPA Class consists of all persons with a Michigan address that have received Defendant collection lawsuits in violation of MCLA 445.252(n), MCLA 445.252(e), MCLA 445.252(f) and MCLA 445.252(q).

41.

There are questions of law and fact common to each class, which common issues predominate over any issues involving only individual class members. The principal and common issue is whether Defendants' conduct in connection with the collection of a debt violates the FDCPA and RCPA.

42.

There are no individual questions here. All Michigan class members receive the same or similar "Affidavits" that are filed in violation of the FDCPA and RCPA.

43.

Plaintiff will fairly and adequately protect the interests of the class. Plaintiff is committed

to vigorously litigating this matter. He is greatly annoyed at being the victim of Defendants' illegal practices and wishes to see that the wrong is remedied. To that end, he has retained counsel experienced in litigating the FDCPA and RCPA, consumer advocacy and class claims. Neither Plaintiff nor their counsel has any interests which might cause them to not vigorously pursue this claim.

44.

Plaintiff claims are typical of the claims of the classes, which all arise from the same operative facts and are based on the same legal theories out of **Exhibits 1 through 5**.

45.

A class action is a superior method for the fair and efficient adjudication of this controversy. Most of the consumers who are subject to this practice and policy of Defendant undoubtedly have no knowledge that their rights are being violated by illegal collection practices. The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum damages in an individual action are $1,000. Management of this class claim is likely to present significantly fewer difficulties than those presented in many class claims, e.g, for securities fraud.

46.

Certification of each class under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure is appropriate because:

(a) The questions of law and fact common to the members of each class predominate over any questions affecting an individual member: and

(b) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

47.

There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant questions are:

a. Whether defendants had a practice of using False "Affidavits" with robo signed notaries to support collection lawsuits against Michigan residents in violation of the FDCPA.

b. Whether doing so violated the FDCPA and RCPA.

48.

Certification of each class under Rule 23(b)(2) of the Federal Rules of Civil Procedure also is appropriate because Defendants have acted on grounds generally applicable to each class, thereby making declaratory and injunctive relief appropriate with respect to each class as a whole.

49.

Plaintiffs request certification of a hybrid class action, combining the elements of FRCP 23(b)(3) for monetary damages and FRCP 23(b)(2) for equitable relief.

## VIII. CLAIMS FOR RELIEF

### Count 1-Fair Debt Collection Practices Act

50.

Defendant has violated the FDCPA. Defendants' violations of the FDCPA include, but are not necessarily limited to, the following:

a. Defendant violated 15 U.S.C. 1692e and 15 U.S.C. 1692e (10) by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt using the collection methods at **Exhibit 1-5** above; and

b. Defendant collected on the debt and violated 15 U.S.C. 1692f by designing and

furnishing the "Affidavits" at **Exhibit 1 and 5 as examples** knowing that such a format would be used to create the false belief in the class member and Michigan Courts that a lawsuit was supported by a legally notarized Affidavit when in fact, such is not the case as stated above; and

c. Defendant collected on the debt and violated 15 U.S.C. 1692e (5) by designing and furnishing false "Asset Affidavits" at **Exhibit 1 and 5 as examples** to falsely accuse and sue class members without the necessary proof; and

d. The Defendant violated 15 U.S.C. §1692e(2)(A) in falsely representing that a collection lawsuit and judgment is falsely supported by the "Affidavit" as stated above.

**Wherefore,** Plaintiff seeks judgment against Defendant for:

a. Statutory and Actual damages for Plaintiff pursuant to 15 U.S.C. 1692k(a)(2)(A) and (B);

b. Statutory damages for the members of the FDCPA Class, *pro rata,* in the amount of the lesser of $500,000.00 or one percent centum of the net worth of Defendants pursuant to 15 U.S.C. 1692k(a)(2)(B);

c. Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3); and

d. Such further relief as the court deems just and proper.

**Count 2-Michigan Collection Practices Act**

51.

Defendants have violated the RCPA. Defendant's violations of the RCPA include, but are not necessarily limited to, the following:

a. Defendant violated MCLA 445.252(n) by using a harassing, oppressive, or abusive method to collect a debt, using (**Exhibit 1-5**) as mentioned above;

b. Defendant violated MCLA 445.252(e) Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not


revealing the purpose of a communication when it is made in connection with collecting a debt at (**<u>Exhibit 1 and 5 as examples</u>**); and

c. Defendant has violated MCLA 445.252(f) Misrepresenting in a communication with a debtor 1 or more of the following:

(i) The legal status of a legal action being taken or threatened.

(ii) The legal rights of the creditor or debtor at (**<u>Exhibit 1 and 5</u>**);

d. Defendant has violated MCLA 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee by continuing to seek unauthorized advances not authorized under the mortgage contract of Michigan Consumers for six years through forms at (**<u>Exhibit 1 and 5</u>**).

**Wherefore,** Plaintiff seeks judgment against Defendants for:

a. Statutory damages for Plaintiff in the amount of $50.00, trebled to $150.00 for a willful violation, pursuant to M.C.L. 445.257(2);

b. Equitable, declaratory and injunctive relief pursuant to M.C.L. 445.257(1), including but not limited to, a declaration that defendant's debt collection practices violated the RCPA, as well as an injunction, enjoining Defendant from using a format Affidavit (**<u>Exhibit 1 and 5 as examples</u>**) which violates Michigan law; and

c. Reasonable attorney's fees and court cost pursuant to M.C.L. 445.257(2) with judicial sanction.

## <u>IX. JURY TRIAL DEMAND</u>

Plaintiff demands a Trial by Jury on all issues.

Respectfully submitted,

June 25, 2016

<u>s/Brian P. Parker</u>
BRIAN P. PARKER (P48617)
Attorney for Plaintiff